FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 08, 2018

SEAN F. McAVOY, CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SARAI C., | No. 4:17-cv-05070-MKD |
| Plaintiff, | |
| | ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| vs. | |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | ECF Nos. 15, 16 |

BEFORE THE COURT are the parties' cross-motions for summary judgment. ECF Nos. 15, 16. The parties consented to proceed before a magistrate judge. ECF No. 6. The Court, having reviewed the administrative record and the parties' briefing, is fully informed. For the reasons discussed below, the Court denies Plaintiff's motion (ECF No. 15) and grants Defendant's motion (ECF No. 16).

## JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

ORDER - 1

# STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id*. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115 (quotation and citation omitted). The

party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## THREE-STEP EVALUATION PROCESS

To qualify for disability benefits, a child under the age of eighteen must have "a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i). The Social Security Administration has enacted a three step sequential analysis to determine whether a child is eligible for supplemental security income benefits on the basis of a disability. 20 C.F.R. § 416.924(a). First, the ALJ considers whether the child is engaged in "substantial gainful activity." 20 C.F.R. § 416.924(b). Second, the ALJ considers whether the child has a "medically determinable impairment that is severe," which is defined as an impairment that causes "more than minimal functional limitations." 20 C.F.R. § 416.924(c). Finally, if the ALJ finds a severe impairment, she must then consider whether the impairment "medically equals" or "functionally equals" a disability listed in the regulatory "Listing of Impairments." 20 C.F.R. § 416.924(c)-(d). An impairment is functionally equivalent to a listed impairment if it results in extreme limitations in one area of functioning or marked limitations in two areas. 20 C.F.R. § 416.926a(a). An impairment is a "marked

limitation" if it "seriously interferes with [a person's] ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(2)(i). By contrast, an "extreme limitation" is defined as a limitation that "interferes very seriously with [a person's] ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(3)(i).

In determining whether an impairment functionally equals a listing, the ALJ assesses the child's functioning in six domains in terms of her ability to: (1) acquire and use information; (2) attend and complete tasks; (3) interact and relate with others; (4) move about and manipulate objects; (5) care for oneself, and (6) her general health and physical well-being. 20 C.F.R. § 416.926a(a)-(b). In order to demonstrate functional equivalence under the Final Rules, the child must exhibit a marked limitation in two of the domains, or an extreme limitation in one domain. 20 C.F.R. § 416.926a(e)(2)(i)

## ALJ'S FINDINGS

Plaintiff's grandmother protectively filed an application for Title XVI supplemental security income benefits on November 13, 2012, alleging a disability onset date of July 1, 2010. Tr. 167-75, 221. The application was denied initially, Tr. 112-14, and on reconsideration, Tr. 118-20. Plaintiff and her grandmother appeared at a hearing before an Administrative Law Judge (ALJ) on April 15, 2015. Tr. 43-85. On December 30, 2015, the ALJ denied Plaintiff's claim. Tr.

22-37.

At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since November 13, 2012. Tr. 25. At step two, the ALJ found Plaintiff has the following severe impairments: attention deficit-hyperactivity disorder (ADHD); learning disorder; mood disorder, not otherwise specified; and oppositional defiant disorder. *Id.* At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals a listed impairment and that claimant does not have an impairment or combination of impairments that functionally equals the severity of the listings. Tr. 26. Specifically, the ALJ found that Plaintiff had a less than marked limitation in acquiring and using information, attending and completing tasks, and interacting and relating with others, and no limitation in moving about and manipulating objects, caring for herself, and her health and physical well-being. Tr. 31-36. The ALJ concluded that Plaintiff was not disabled as defined in the Social Security Act during the adjudicative period. Tr. 36.

On March 24, 2017, the Appeals Council denied review, Tr. 1-6, making the Commissioner's decision final for purposes of judicial review. *See* 42 U.S.C. 1383(c)(3); 20 C.F.R. § 416.1481.

## STANDING AND CAPACITY

Although neither party has addressed the issue of standing or capacity in this

case, the Court has an obligation to raise standing issues *sua sponte*. *Adarand Constructors, Inc. v. Mineta*, 534 U.S. 103, 109 (2001). Federal Rule of Civil Procedure 17(c) states that a minor or incompetent person may have a representative when proceeding in a suit. This appointment of a representative or guardian is at the discretion of the district court. *U.S. v. 30.64 Acres of Land, More or Less, Situates in Klickitat Co., State of Wash.*, 795 F.2d 796, 804 (9th Cir. 1986).

Plaintiff filed a complaint with this Court on May 24, 2017. ECF No. 4. At the time of filing the complaint, Plaintiff was six months shy of her eighteenth birthday. *See* Tr. 167. Plaintiff and her mother signed the Application to Proceed *In Forma Pauperis*. ECF No. 1. No representative was named in the suit on behalf of Plaintiff, who was a minor at the time of filing. Defendant never raised any defenses prior to or in her Answer concerning Plaintiff's status as a minor. ECF No. 10. Plaintiff filed the Stipulated Motion for Scheduling Order under her name. ECF No. 13. Plaintiff was eighteen at the time her Motion for Summary Judgment was filed, and this was the first heading identifying the moving party in the claim as Plaintiff's grandmother. ECF No. 15. Plaintiff has made no subsequent filings under her name or the name of her grandmother.

Federal Rules of Civil Procedure 17(c) requires a court to take whatever measures it deems proper to protect an incompetent person during litigation.

Although the court has broad discretion and need not appoint a guardian ad litem if it determines the person is or can be otherwise adequately protected, it is under a legal obligation to consider whether the person is adequately protected. *See Roberts v. Ohio Casualty Insurance Co.*, 256 F.2d 35, 39 (5th Cir. 1958). The age of majority is defined by the minor's domicile. FED. R. CIV. P. 17(b)(1). In Washington, the age of majority is 18 years old. RCW 26.28.010. Here, Plaintiff was aware of the suite, as she signed the Application to proceed *in forma pauperis*. ECF No. 1. She reached the age a majority while the suite was pending and in the months since attaining the age of majority, she never acted in any manner to stop the progression of the suite. This in combination with Defendant's failure to object to Plaintiff's standing or capacity leads the Court to allow the claim to proceed as any issue of standing or capacity has been remedied by Plaintiff reaching the age of majority. Therefore, the claim will continue and will do so under Plaintiff's name.

**ISSUES**

Plaintiff seeks judicial review of the Commissioner's final decision denying her supplemental security income benefits under Title XVI of the Social Security Act. ECF No. 15. Plaintiff raises the following issues for this Court's review:

1. Whether the ALJ properly weighed the medical opinion evidence;

2. Whether the ALJ properly weighed the testimony evidence; and

ORDER - 7

1    3. Whether the ALJ made a proper step three determination.

2    ECF No. 15 at 6.

## DISCUSSION

### A.    Opinion Evidence

Plaintiff contends the ALJ erred by failing to weigh the opinion of Cecilia R. Cooper, Ph.D. and by failing to provide any reason for rejecting the assessment of Plaintiff's teacher.  ECF No. 15 at 7-8.

When addressing medical source opinions, there are three types of physicians (or psychiatrists): "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant but who review the claimant's file (nonexamining or reviewing physicians)."  *Holohan v. Massanari*, 246 F.3d 1195, 1201-02 (9th Cir. 2001) (brackets omitted). "Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's."  *Id*.  "In addition, the regulations give more weight to opinions that are explained than to those that are not, and to the opinions of specialists concerning matters relating to their specialty over that of nonspecialists."  *Id*. (citations omitted).

If a treating or examining physician's opinion is uncontradicted, an ALJ may

reject it only by offering "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). "However, the ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory and inadequately supported by clinical findings." *Bray v. Comm. of Soc. Sec. Admin.,* 554 F.3d 1219, 1228 (9th Cir. 2009) (internal quotation marks and brackets omitted). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Bayliss*, 427 F.3d at 1216 (*citing Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995)).

### 1.     Cecilia R. Cooper, Ph.D.

On October 8, 2013, Dr. Cooper completed a Psychological Evaluation of Plaintiff and diagnosed her with ADHD combined type, specific learning disability with impairment in written expression, specific learning disability with impairment in mathematics, upbringing away from parents, and excoriation disorder by history. Tr. 408-16. As part of the evaluation, Plaintiff's grandmother completed the Vinland-II test, which reflected low scores in domains of communication, daily living skills, and socialization. Tr. 414.

The ALJ summarized Dr. Cooper's evaluation, but did not prescribe it any specific weight. Tr. 28. Plaintiff asserts that the ALJ erred by failing to state what

weight she gave to Dr. Cooper's opinion.  ECF No. 15 at 8.  Defendant asserts that Dr. Cooper's evaluation fails to meet the definition of an opinion.  ECF No. 16 at 4.

The Regulations define a medical opinion as "statements from acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including you symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions."  20 C.F.R. § 416.927(a)(1).[1]  An acceptable medical source incudes a psychologist, such as Dr. Cooper.  20 C.F.R. § 416.902(a)(2).[2]  The ALJ is to consider evidence, which may include medical opinions.  20 C.F.R. §416.924a(a).

Here, Dr. Cooper's evaluation report includes a summary of Plaintiff's

_____

[1] Prior to March 27, 2017, the definition of a medical source opinion was "statements from physicians and psychologist or other acceptable medical sources that reflect judgements about the nature and severity of your impairment(s), including you symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions."  20 C.F.R. § 416.927(a)(2) (2016).

[2] Prior to March 27, 2017, the definition of an acceptable medical source was located at 20 C.F.R. § 416.913.

ORDER - 10

reports, test results, a diagnosis, and a prognosis. Tr. 408-16. But the report fails to reflect any judgment regarding the severity of the impairments, what plaintiff can still do, or Plaintiff's physical or mental restrictions. Therefore, it is not a medical source as recognized by the Regulations.

The Court does acknowledge that it is evidence from a medical source and must be considered by the ALJ under 20 C.F.R. § 416.924a(a)(1)(iii). However, the ALJ discussed the evaluation in her decision. Tr. 28. Therefore, the ALJ did not error in not assigning it any particular weight to the evaluation.

## 2. Plaintiff's Teacher

At some point while the case was pending before the Agency, a Teacher Questionnaire was completed. Tr. 252-59. The individual completing the questionnaire indicated that Plaintiff had problems functioning in the domains of acquiring and using information, attending and completing tasks, interacting and relating with others, and caring for herself, and rated key activities in these domains. Tr. 253-57. However, the form is unsigned and undated. Tr. 259. Additionally, it never identifies Plaintiff by name, only as the noun "child," and it never indicates Plaintiff's grade at the time the form was completed. Tr. 252-59.

The ALJ did not discuss the Teacher Questionnaire in her decision. Tr. 22-37. Plaintiff asserts that omitting the responses on the form from consideration was an error. ECF No. 15 at 8.

The ALJ is to consider evidence from teachers and other school personnel when making a determination in a child's supplemental security income claim. 20 C.F.R. § 416.924a(a)(2)(iii). Social Security's Policy Manual states that it is no longer necessary for the person completing a Teacher's Questionnaire to provide a signature on the form. POMS DI 25205.030. However, it is still necessary to obtain the name of the individual completing the Teacher's Questionnaire. *Id*.

Here, there is evidence that a teacher, or at least a school employee, completed the form as it states that the individual spends five days a week with the child in the subjects of math, science, reading, writing, and social studies. Tr. 252. However, without more information, it is impossible to know who completed the form and the period of time addressed by the form. Therefore, the ALJ was not required to address the responses on the form specifically in her decision. *See Howard v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003) (The ALJ need not discuss every piece of evidence in the record); *see also Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (The ALJ is not required to discuss all evidence presented to her, but she must explain why significant probative evidence has been rejected.). In making a determination regarding severe impairments and functional equivalency in a child's case, the ALJ is to consider how the child functions in each domain in comparison to same-aged children without impairments. 20 C.F.R. §§ 416.924b, 416.926a. Without a sufficient foundation

regarding the induval completing the form and the age of Plaintiff at the time the form was completed, this form is not probative evidence. Therefore, the ALJ did not error in not discussing the Teacher's Questionnaire.

**B.    Testimony Evidence**

Plaintiff challenges the weight the ALJ provided to her statements and the statements of her grandmother. ECF No. 15 at 8-12.

### 1. Plaintiff's Symptom Testimony

Plaintiff testified at the hearing regarding her difficulties in school and attending counseling. Tr. 75-81. At the time of the hearing, Plaintiff was in the ninth grade and was attending a high school. Tr. 75. Because Plaintiff was able to testify and describe some of her difficulties in school, Plaintiff's testimony qualifies as the testimony of a claimant. *See* S.S.R. 95-5p.

An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective pain or symptoms is credible. "First, the ALJ must determine whether there is objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Molina*, 674 F.3d at 1112 (internal quotation marks omitted). "The claimant is not required to show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom." *Vasquez v.*

*Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (internal quotation marks omitted).

Second, "[i]f the claimant meets the first test and there is no evidence of

malingering, the ALJ can only reject the claimant's testimony about the severity of

the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the

rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (internal

citations and quotations omitted). "General findings are insufficient; rather, the

ALJ must identify what testimony is not credible and what evidence undermines

the claimant's complaints." *Id.* (quoting *Lester*, 81 F.3d at 834); *Thomas v.

Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) ("[T]he ALJ must make a credibility

determination with findings sufficiently specific to permit the court to conclude

that the ALJ did not arbitrarily discredit claimant's testimony."). "The clear and

convincing [evidence] standard is the most demanding required in Social Security

cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v.

Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

Here, the ALJ failed to address whether or not Plaintiff's medically

determinable impairments could reasonably be expected to cause some of the

alleged symptoms. In the decision, the ALJ summarized the required two-step

process and failed to make any of the required findings. Instead, she concluded

that "the objective medical evidence does not document clinical findings of

abnormality that establish total disability under the Social Security Act or that

corroborate the degree of symptomatology and limitation the claimant and her

grandmother have alleged in support of her application." Tr. 27.  Therefore, the

ALJ erred.  The pertinent question becomes whether or not that error is harmless.

*See Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (an error is

harmless when "it is clear from the record that the . . . error was inconsequential to

the ultimate nondisability determination").

Here, Plaintiff testified that her difficulties in school stemmed from a larger

number of children and transportation issues that prevented her from seeing a tutor.

Tr. 75-81.  Her testimony did not address her impairments or how these

impairments resulted in symptoms or limitations.  Even in challenging the ALJ's

treatment of the statements, Plaintiff fails to assert that any of her statements

implicated any of the domains.  ECF No. 15 at 9-10.  Therefore, the ALJ's error in

addressing these statements is harmless.

### 2.  Lay Witness Testimony

The ALJ also addressed the statements of Plaintiff's grandmother throughout

the record and at the hearing.  Tr. 27-28.  Since Plaintiff was able to testify and

describe her difficulties in school, Plaintiff's grandmother's testimony qualifies as

the testimony of a lay witness and not the testimony of a claimant.  *See* S.S.R. 95-

5p ("in the case of an individual under age 18 who is unable to adequately describe

his or her symptoms, the description of the symptom(s) given by the person who is

most familiar with the individual, such as a parent, other relative, or guardian, will be accepted as a statement of the individual's symptoms."). The testimony of lay witnesses, including family members, about their observations of the claimant's impairments must be considered by the ALJ. *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 885 (9th Cir. 2006); *Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996); *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987). Family members who see the claimant on a daily basis are competent to testify as to their observations. *Regennitter v. Comm'r of Soc. Sec. Admin.*, 166 F.3d 1294, 1298 (9th Cir. 1999); *Dodrill v. Shalala*, 12 F.3d 915, 918-19 (9th Cir. 1993). If the ALJ chooses to reject or discount the testimony of lay witnesses, she must give reasons that are germane to each witness. *Regennitter*, 166 F.3d at 1298; *Dodrill*, 12 F.3d at 919.

Here, the ALJ gave no significant weight to the Third Party Function report and testimony of Plaintiff's grandmother. Tr. 27-28, 30. First, the ALJ concluded that the assertions by the grandmother were inconsistent with the objective medical evidence. Tr. 27-28. Inconsistency with the medical evidence is a germane reason to discount lay witness testimony. *See Bayliss*, 427 F.3d at 1218. The ALJ found that Plaintiff's variable grades were due to her frequent absences and not a physical or mental impairment. Tr. 27 (citing Tr. 553: Plaintiff's school psychologist's findings that Plaintiff's variable grades were due to her attendance issues, with

ORDER - 16

Plaintiff missing 29.5 days in the fifth grade, 16 days in the sixth grade, 25 days in the seventh grade, 23 days in the eighth grade, and more than 30 days in the ninth grade; Plaintiff's behavior and study skills were usually marked as satisfactory when she was in attendance.).  Additionally, the ALJ cited to Plaintiff's counselor's statement that her problems stemmed from her family situation rather than any specific issue attributed to Plaintiff as an individual.  Tr. 27. (citing Tr. 447).[3]  Here, the ALJ has provided germane reasons, supported by substantial evidence.

Next, the ALJ concluded that Plaintiff's grandmother's statements were inconsistent with Plaintiff's reported activities of daily living.  Tr. 27-28. Inconsistency with a claimant's daily activities is a germane reason to reject lay testimony.  *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1163-64 (9th Cir. 2008); *Lewis v. Apfel*, 236 F.3d 503, 512 (9th Cir. 2001).  Here, the ALJ compared Plaintiff's statement that she cooks, does her laundry, puts away her cloths, vacuums, and does the dishes to the grandmother's statement that Plaintiff does not help around the house, specifically denying that Plaintiff assists with washing or drying the dishes, vacuuming, or helping with the laundry.  Tr. 28 (*comparing* Tr. 409 and Tr. 218).  The ALJ is responsible for resolving

---

[3] The ALJ cited Tr. 447, however, the relevant statement is located at Tr. 432-33.

ORDER - 17

inconsistencies and ambiguities in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). Here, the ALJ provided citations to the record demonstrating the inconsistency between Plaintiff's statements to her medical provider and the grandmother's reports upon application for benefits and concluded that the grandmother's statement were unsupported. Tr. 28. This was a germane reason to discount the grandmother's testimony.

Finally, the ALJ concluded that Plaintiff's grandmother's statements were inconsistent with evidence that Plaintiff's impairments are controlled with medications. Tr. 27-28. Generally, impairments that can be controlled effectively with medication are not disabling impairments for the purposes of determining eligibility for supplemental security income benefits. *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006). Here, the ALJ cited to evidence in the record that Plaintiff's medication helped with her ADHD symptoms. Tr. 28 (citing Tr. 464, 466, 473). However, the citations the ALJ provided to the record do not appear to support her determination. Nonetheless, considering the record as a whole there is evidence that medication is helpful in treating Plaintiff's symptoms. Tr. 472 (Plaintiff "reported doing good with meds and sleeping better with increased with clonidine."); Tr. 484 (the grandmother reports that Plaintiff behaves better when on her medication); Tr. 789 (Plaintiff reports "she feels that everything is going good with the ADHD medication"); Tr. 491 (Plaintiff reports

that the medications continue to work well).  As such, the ALJ's determination that Plaintiff experienced a good response to her medication is supported by substantial evidence, which was a germane reason to discount the grandmother's statements.

In conclusion, the ALJ provided legally sufficient reasons that were supported by substantial evidence to discount the statements of Plaintiff's grandmother.

## C.    Step Three

Plaintiff contends the ALJ erred by finding that Plaintiff's impairments did not functionally equal any listing.  ECF No. 15 at 12-20.  Plaintiff asserts that she had marked limitations in the domains of acquiring and using information, attending and completing tasks, interacting and relating with others, and caring for herself.  *Id*.  Plaintiff's argument essentially amounts to an alternative interpretation of the evidence relying heavily on the Teacher Questionnaire which, as discussed above, is not probative evidence.  *Id*. (citing to the Teacher Questionnaire eleven times).

In her decision, the ALJ discussed each domain separately and produced multiple citations to objective testing, education records, and the grandmother's statements.  Tr. 31-36.  Because the ALJ supported her conclusions concerning Plaintiff's level of limitation with substantial evidence and provided a rational interpretation of the record, the Court upholds the ALJ's decision.  *See Revels v.*

*Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017).  Therefore, the ALJ did not error in her conclusion that Plaintiff's impairments did not functionally equal any listing.

## CONCLUSION

After review, the Court finds that the ALJ's decision is supported by substantial evidence and free of harmful error.  **IT IS ORDERED:**

1.  Plaintiff's motion for summary judgment (ECF No. 15) is **DENIED**

2.  Defendant's motion for summary judgment (ECF No. 16) is **GRANTED.**

The District Court Executive is directed to file this Order, enter **JUDGMENT FOR THE DEFENDANT,** provide copies to counsel, and **CLOSE THE FILE.**

DATED this August 8, 2018.

<u>s/*Mary K. Dimke*</u>
MARY K. DIMKE
UNITED STATES MAGISTRATE JUDGE

ORDER - 20